Simon, J.
delivered the opinion of the court.
*17 The plaintiff sues to recover the amount of a bond given by defendants as part of the price of the steamboat Baltic, sold in the course of judicial proceedings. It appears from the bond sued on, that the steamboat Baltic having been seized at the suit of The President and, Directors of the Fulton Company v. J. J. Wright et al., was adjudicated to one of the defendants by the plaintiff in his capacity of sheriff of the parish of Orleans, for the sum of $8700 ; for a part of which, this bond was given. Said bond is made payable to Frederick Buisson, sheriff of the parish of Orleans, and must have been given for the benefit of the parties to the suit in which the property was ordered to be sold, and subject to its being regularly transferred to them by the officer who made the sale and took the bond.
The plaintiff’s right to sue in his individual capacity is disputed by [21] defendants, on the ground that the bond does not belong to him, but is the property of other persons; and it is further contended that he could not recover in his capacity of sheriff, because he was not sheriff at the time that this suit was instituted, having previously resigned his office. The judge a quo sustained the action, gave judgment in favor of the plaintiff, from which judgment defendants appealed.
The plaintiff sues on this bond in his individual capacity, and seeks to recover its amount as his property; thére is no evidence in the record to show that he ever acquired any right to it but the bond itself; and on its face it is apparent that he had no other interest or object in taking the bond but the execution of an order of a court of justice in his official capacity. He acted as the legal agent of the parties under the order or judgment of the court, and the bond was undoubtedly made for their benefit. We think that the bond alone is not sufficient to entitle the plaintiff to recover, and that he ought to have established his right of ownership by evidence dehors the instrument, such as a transfer from the parties really interested or other satisfactory evidence; or at least by showing that he is personally liable to pay the amount thereof to the persons for whose benefit the sale was made. Under the pleadings and in this state of the case, we think the plaintiff has shown no right to recover, and that the judge a quo erred in giving judgment in his favor. De non appai-entibus et de non existentibus, eadem est lex. Our judgment must be for the defendants, as in case of nonsuit.
Had this suit been brought by tie plaintiff in his former official capacity, we are not ready to say that he could have sustained the action, since he was functus officio, and could no longer act as the legal agent of the parties litigant.
It is therefore ordered, adjudged and decreed, that the judgment of [22], the commercial court be annulled, avoided and reversed; and that there be judgment in favor of the defendants against the plaintiff, as in case of non-suit, with costs in both courts.